Bart Bertocci and Dorothy Bertocci, t/a Bertocci Construction Company to the Use of National Union Fire Insurance Company of Pittsburgh, Pennsylvania, Appellant *v.* Commonwealth of Pennsylvania, Department of Highways, Appellee.

Argued May 5, 1976, before President Judge BowMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS and BLATT. Judge KRAMER did not participate.

*Samuel J. Margiotti,* with him *Vincent M. Casey,* and *Margiotti, Rich & Gravina,* for appellants.

*Arthur H. Marateck,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, June 17, 1976:

Stripped of its irrelevant facts as well as the disputes which are resolved, the matter before us for decision arises from the interpretation of a road rebuilding contract. Appellant was rebuilding a heavily travelled highway on which it was required by the contract to maintain two-way traffic. On September 16, 1963, it had requested, and on September 27, 1963, it was given, permission to tear up and remove the old pavement. Without replacing the pavement, on October 29, 1963, it requested permission to shut down operations on the project for the winter because the permissible paving date had passed. By letter dated November 19, 1963, appellant was given the requested permission provided, *inter alia,* it placed stabilized material and maintain it in satisfactory condition. At the same time, appellant was informed that this work had to be started on or before November 25, 1963, or appellee would do the work and deduct the cost from the price. On November 25, 1963, appellant requested further information as to the type of stabilized material required and how appellee intended to pay for it. On November 27, 1963, appellant was informed that since

it had not started placing the stabilized material by November 25, 1963, appellee would do so, commencing December 2, 1963, and deduct the cost.

It is important to note that on November 11, 1963, appellant had withdrawn its work force and substantially all its equipment for the winter, leaving perhaps one grader to maintain the surface for travel. On November 8, 1963, appellant's superintendent had been notified that "work was to be done on project for stabilizing road for travelling public over the winter months, if contractor wanted to shut down project."

Appellee placed the stabilizing material on the roadway at a cost of $24,000.00 and deducted this sum from the final payment on the contract. The matter went to the Board of Arbitration of Claims which sustained appellee's right to deduct the $24,000.00. This appeal followed. We affirm.

We will not quote the contract provisions which clearly required appellant to maintain the surface of the road for travel but will quote what we perceive to be the vital provision:

"1.4.5. PUBLIC CONVENIENCE AND SAFETY—

". . . .

". . . .

"(3) Maintenance of Roadway. If the roadway is not maintained in a satisfactory condition, the Department reserves the right to enter upon the project and perform such work as may be deemed necessary for the accommodation of traffic and the cost thereof may be deducted from any monies due or which may become due to the contractor, or his surety. No separate compensation will be allowed for maintenance of traffic, except as provided in Sections 6.15, 9.1 and 9.2."

The Board of Arbitration of Claims found that the action of appellee in entering upon the project and placing the stabilized material for the purpose of maintaining traffic was a reasonable thing to do.

While references were made to the grader that was left to maintain the surface and that perhaps it could have done so with the aid of a bulldozer but was not given a chance, no serious testimony was offered by appellant that the action taken was unreasonable. Indeed, Official Diary 12 was offered in the record which showed that on November 8, 1963, appellant's superintendent agreed to do this work in anticipation of closing over the winter months. Appellant does not contest the accuracy of this entry in the Official Diary but only asserts the want of authority of the superintendent to so agree. This evidence is not offered to show appellant assumed an additional contractual obligation but rather to show the reasonableness of the action taken by appellee when appellant did not do the work.

The findings of fact of the Board of Arbitration of Claims, when amply supported by the record, as they are here, will not be disturbed. *Commonwealth v. Berger*, 11 Pa. Commonwealth Ct. 332, 312 A.2d 100 (1973).

Accordingly, we enter the following

ORDER

Now, June 17, 1976, the order of the Board of Arbitration of Claims, dated October 15, 1975, in the above matter, is affirmed.